629 P.2d 665

Robert E. ALBRIGHT,
Claimant-Appellant,

v.

MGM CONSTRUCTION, INC., Employer, and Argonaut Northwest Insurance Company, Surety, Defendants-Respondents.

No. 13511.

Supreme Court of Idaho.

April 30, 1981.

Rehearing Denied June 23, 1981.

Emil F. Pike of Pike & Berry, Twin Falls, for claimant-appellant.

John W. Barrett of Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

PER CURIAM.

Claimant-appellant Robert Albright, who is 60 years old and has worked most of his life as a carpenter and construction worker, suffered a back injury while performing carpentry work for MGM Construction, Inc., on May 15, 1976. Five days after the accident he saw Dr. Petersen, who diagnosed the injury as a mild compression fracture and lumbosacral strain. Albright stopped working two days later when the doctor informed him of the nature of his injury.

Two weeks later, on May 29, Albright was involved in an auto accident in Longview, Washington. On the suggestion of his insurance adjuster, he went to a local doctor, Dr. Clark, who reported that Al-

---

bright was complaining of low back pain. The next day the pain was much worse. Dr. Clark prescribed a low back brace and medication. On February 9, 1977, defendant-respondent Argonaut Insurance Co. informed Albright by letter that it had received confirmation that he had hurt his back while working, and that it would pay compensation and medical expenses up to the date of the auto accident. With regard to the auto accident, Argonaut advised Albright that "any additional medical care or time loss from work will be denied after 5/28/76 due to an injury you sustained in Washington on May 29, 1976."

Albright subsequently returned to Dr. Petersen on September 8, 1976. X-rays taken at that time showed that the fracture had healed, although Albright still expressed subjective complaints of pain. Albright returned to Dr. Petersen on October 13, 1976, stating that he had been carrying bundles of shakes two weeks prior and that his back felt worse. Pain also was now radiating into his lower extremities.

In response to a request from the Department of Employment, Dr. Petersen, on November 29, 1976, stated that Albright had recovered sufficiently to work in his customary occupation. Dr. Petersen also stated that the earliest Albright was able to perform some work was October 18, 1976. Dr. Petersen saw Albright again on February 24, 1977, and February 22, 1978, for continuing complaints of pain in the back and lower extremities. Upon being informed of the details of the auto accident when his deposition was taken, Dr. Petersen was unable to say with medical probability, in the absence of additional information

from Dr. Clark with regard to his exam immediately after the auto accident, that the May 15, industrial accident was the cause of Albright's present problems.[1]

Albright consulted Dr. Porter, an orthopedist, on May 18, 1977. Dr. Porter felt that the compression had healed and that Albright suffered from chronic lumbosacral strain. He testified that Albright's present symptoms were related to his work accident and he felt that any injury from the auto accident was aggravation, would have been temporary, and was in a lower area of the back.

The Commission found that Albright's present disability was not related to the May 15 work injury, that the fracture healed quickly and that Albright was able to return to his usual occupation within a reasonably short period of time. The Commission further found that Albright has engaged in carpentry work since the accident, and that the chronic lumbosacral strain Albright is currently suffering apparently resulted from the auto accident. Holding that Albright had failed to sustain his burden of proof that his current disability was caused by the May 15th accident, the Commission denied his claim for further disability compensation.

The issue before us is whether there is substantial competent evidence to support the Commission's finding that Albright failed to establish a causal connection between his work-related accident and his present disability.[2]

Albright argues that the medical testimony of Dr. Porter was uncontradicted, and that the Commission erred in rejecting this

---

1. The problem here is the location of the back pain. After the work injury, Dr. Petersen diagnosed the pain as mid-lumbar, while after the auto accident Dr. Clark diagnosed the pain as low-lumbar. Dr. Petersen testified that since these regions could well overlap, he couldn't state causation with medical probability.

2. Albright argues that once he established that he had suffered a compensable back injury, the burden then shifted to respondents to prove that his present disability resulted from some other cause. The burden of proof, understood as being the burden of persuasion, does not

shift. The burden of going forward with evidence may shift where a prima facie case has been made. Here, however, the entire case established both the industrial accident and the vehicle accident two weeks later. Both accidents being thus established, the burden of persuasion was on claimant to produce evidence which convinced the Commission that the industrial accident was the cause of his permanent disability. See Keenan v. Brooks, 100 Idaho 823, 606 P.2d 473 (1980) (Bistline, J., and Donaldson, J., specially concurring), and cases cited therein.

testimony. However, Dr. Petersen was unable to state with medical probability that the work-related accident was the cause of Albright's present problems. Further, on November 29, 1976, Dr. Petersen completed a Medical Statement of Ability to Work for the Department of Employment in which he stated that Albright had recovered sufficiently to return to work in his customary occupation, and that the earliest date Albright was able to perform some work was October 18, 1976. Dr. Petersen also testified that he based this report on Albright's statements to him that he had been working. There was also medical testimony that Albright had suffered only a mild compression fracture, and that the fracture had completely healed.

Substantial competent evidence supports the findings of the Commission that Albright suffered a mild compression fracture which healed quickly, that Albright was able to return to his usual occupation within a reasonably short period of time, and that Albright has failed to show that his current disability resulted from the work accident. As to the actual cause of claimant's present disability, the Commission noted that it *apparently* resulted from the automobile accident. However, there is no requirement that the Commission determine the actual cause of a disability; the Commission need only determine whether a claimant has sustained his burden of showing that the injury was caused by the work-related accident.

Affirmed.